# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STEFAN GOIA,

                **Plaintiffs,**

    **v.**                                      **1:10-cv-2405-WSD**

CITIFINANCIAL AUTO,

                **Defendant.**

---

## <u>STANDING ORDER REGARDING CIVIL LITIGATION</u>

       This is a standing order which applies to all civil actions assigned to Judge William S. Duffey, Jr.  This Order, in combination with this Court's Local Rules and the Federal Rules of Civil Procedure, shall govern all civil cases assigned to Judge Duffey.

### <u>Case Administration</u>

      1.  *<u>Contacting Chambers</u>*

       Jessica Birnbaum, Courtroom Deputy, is your principal point of contact on matters relating to the processing of this case.  Where possible, communication with Ms. Birnbaum should be in writing, addressed as follows:

       Honorable William S. Duffey, Jr.
       ATTN: Jessica Birnbaum, Courtroom Deputy
       1721 United States Courthouse
       75 Spring Street, S.W.
       Atlanta, Georgia 30303-3309

Where a telephone call is necessary, you may reach Ms. Birnbaum at 404-215-1484 (direct dial).

2. *Courtesy Copies*

Parties frequently forward courtesy copies of motions and other filings directly to chambers for the Court's convenience.  Except as noted below, the delivery of an additional copy of a document, separate from the copies filed with the Clerk of Court, is not necessary.  In cases of emergency motions filed pursuant to Local Rule 7.2(B), motions for TRO or motions *in limine*, you should submit courtesy copies of your pleadings to our chambers by hand-delivery.

3. *Attorney Conduct*

Where lead counsel has been admitted *pro hac vice*, local counsel in the case is required to be thoroughly familiar with the matter.  The Court presumes that lawyers admitted to the bar of other district courts are competent, diligent, and courteous, but ultimately, local counsel must be accountable and available in a case.

**Case Management**

1. *Extensions of Time*

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions.  To that end, the Court seeks to set reasonable, but firm, deadlines.  Motions for extensions, whether opposed, unopposed or by consent, will not be granted as a matter of course.  Parties seeking an extension must demonstrate with specificity the unanticipated or unforeseen circumstances necessitating the extension and set forth a timetable for the completion of the tasks for which an extension is sought.

2. *Extensions of Page Limits*

The Court generally does not approve extensions of page limitations.  Parties seeking an extension of the page limit must do so at least ten (10) days in advance of their filing deadline.  If a party files a motion to extend the page limit at the same time their brief is due, the extension request will be denied absent a compelling and unanticipated reason to exceed the page limit.

3. *Conferences*

Scheduling, discovery, pre-trial and settlement conferences are efficient ways to set the course for a case.  The Court encourages the parties to request them when counsel believe the conference will promote the goals of Rule 1 of the Federal Rules of Civil Procedure.  If a conference is requested, counsel should prepare an agenda for the conference and submit it to Ms. Birnbaum at least three (3) business days before the conference.

4. *Leaves of Absence*

Counsel are encouraged to review their calendars and submit as early as possible any motions for leave of absence.

5. *Joint Preliminary Report & Discovery Plan*

Local Rule 16.1 provides that, prior to filing the Joint Preliminary Report and Discovery Plan, lead counsel for all parties are required to confer in an effort to settle the case, discuss discovery, limit issues and discuss other matters addressed in the Joint Preliminary Report and Discovery Plan.  L.R. 16.1, N.D. Ga. This conference may be conducted by lead counsel by telephone.

With respect to the deadlines addressed in the Report, the Court prefers specific due dates be provided.  For example, the parties should set forth in the proposed Scheduling Order submitted with the Report the dates for the end of discovery based on the track set forth by the Court for the category of case involved, for the filing of dispositive motions, and for the filing of the Pre-Trial Order.

6. *Initial Disclosures*

Initial disclosures should be as complete as possible based on information reasonably available.  Responses may not be reserved.  As with discovery requests and responses thereto, the parties should file a certificate of service indicating service of the initial disclosures was accomplished.

7. *Rule 16 Scheduling Conference*

In certain cases, the Court may schedule a Rule 16 conference.  Whether a conference will be scheduled generally will be determined after the Court reviews the Joint Preliminary Report and Discovery Plan filed by the parties.  This conference is intended to allow the Court and the parties to set the timetable and structure for the resolution of the case.

8.  *Written Discovery*

Responses to written discovery must be in writing and prepared in accordance with the applicable Federal Rules of Civil Procedure and Local Rules of this Court.  Evidence introduced at trial which was requested but not disclosed during the discovery period will not be admitted.

9.  *Discovery Motions*

The Court requires parties to submit their discovery disputes to the Court before formal motions to compel or for a protective order are filed. These disputes often are resolved in a telephone conference with the Court, thus avoiding the expense and delay of discovery motion practice.  The Court generally is available to convene a telephone conference shortly after it is advised of a dispute. If a dispute cannot be resolved in a conference, the Court will advise the parties at the conference on how to present the dispute for resolution.  The Court is available by telephone to address disputes that arise during depositions.

10.  *Confidentiality Agreements*

If the parties find that a confidentiality agreement is necessary, the following language should be included in any consent confidentiality order submitted for the Court's consideration:

Any document, material or other information designated as entitled to protection under this Order which is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the

4

Court in accordance with these procedures.  If information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days.  During this ten-day period the party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a request for continued protection.  The request must be accompanied by a copy of the document, material or information for which continued protection is requested.  The opposing party shall not be permitted to file a response to the request.  The Court will review, *in camera*, the information for which continued protection is requested to determine if continued protection will be allowed.

A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

No document, material or other information may be filed under seal without an Order of the Court granting continued protection for the document, material or information at issue.

11.  *Close of Discovery*

All discovery must be initiated so as to ensure that the answers and responses to the discovery are due before the close of discovery.  For example, interrogatories served by mail must be sent at least thirty-three (33) days prior to the close of discovery so that the opposing party's responses come due at or before the close of discovery.  The Court will not enforce side agreements to conduct discovery beyond the end of the discovery period, nor will the Court compel responses to discovery that were not initiated in time for responses to be made before discovery ends.

Motions requesting extensions of time must be made prior to expiration of the existing discovery period and will be granted only in exceptional cases where

the attorneys could not have anticipated that certain circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed.

The Court will not permit the taking of depositions for the preservation of testimony after the close of discovery, absent a good faith reason to do so.

12.     *Detailed Discovery Plan*

The Court may, in appropriate cases, require the parties to file a detailed discovery plan.  These plans are often required when the parties request a discovery extension or to conduct discovery over a period longer than the discovery period assigned when the case is opened.  A detailed discovery plan is required to provide, at a minimum, the date on which written discovery will be served, the persons and entities to be deposed and the date on which each deposition is scheduled to be conducted (if the plan is required early in the case, the parties will be required to provide a beginning and end date for the period during which depositions will be conducted), the date on which experts will be designated and counter-designated and the dates on which each expert will be deposed (if the plan is required early in the case, the parties will be required to provide a beginning and end for the period during which expert depositions will be conducted).  The parties are encouraged to submit detailed discovery plans even in cases for which the plan is not required by the Court.

13.     *Motions for Summary Judgment*

Each of the movant's numbered undisputed material facts must be accompanied by citation to specific record evidence to support such fact and the party shall provide the Court with excerpts from the record to support the facts upon which the party relies.  The excerpts shall be included in an appendix entitled Plaintiffs Supporting Excerpts.  Each excerpt shall be included under a separate numbered tab in the appendix.  For example, if the parties rely on the deposition testimony of a witness, copies of the pages of the transcript containing the testimony should be provided.  Undisputed facts alleged by the movant will be deemed admitted unless specifically controverted by the respondent.  In responding to undisputed facts, the opposing party should first state whether the fact is disputed or undisputed.  If disputed, the opposing party shall cite to the record facts that create the dispute and provide to the Court excerpts of the record upon which the party relies.  The excerpts shall be provided in the form described above.  The

6

interpretation of facts or legal argument is not allowed in the statement of undisputed material facts or the opposing party's response.

In addition to filing a response to the movant's numbered material facts not in dispute, the respondent may also file a statement of facts as to which there is a genuine issue to be tried.  The respondent must cite to specific evidence in the record to support each of its responses to the movant's statement of material facts or any statement of facts as to which there is a genuine issue to be tried.  Excerpts supporting each statement also should be provided to the Court in the form described above.

Documents and other record materials, such as depositions, which are relied upon by a party moving for or opposing a motion for summary judgment are required to be filed in their entirety.  These should be filed separately from the excerpts discussed above.

14. *Pretrial Order*

If a motion for summary judgment is pending, the proposed consolidated Pretrial Order is required to be filed on the date set by the Court or within thirty (30) days after the entry of an order ruling on the motion for summary judgment, if a due date was not set.

Before proposing voir dire questions to the Court, as required in the Pretrial Order, the parties shall go to the district court's website at www.gand.uscourts.gov. On the home page, locate the Attorney Information link which will direct you to Preparation for a Civil and/or Criminal Trial Before Judge Duffey.  Here, the Court has provided its standard Qualifying Questions and Background Jury Questions to be asked of prospective jurors at trial.  Please do not duplicate these questions in your proposed voir dire.

The statement of contentions in the Pretrial Order governs the issues to be tried.  The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought.  The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified.  The defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

The exhibits intended to be introduced at trial shall be specifically identified using the identification system the Court will employ at trial.  Plaintiffs will mark their exhibits using arabic numbers (Pff-1, or Pff Jones-1 if more than one plaintiff) and defendants will use letters of the alphabet (Dft-A, or Dft Smith-A if more than one defendant).  The parties shall adhere to the guidelines for color coding of exhibit stickers set forth in Local Rule 16.4(B)(19)(b).

The parties shall number each exhibit as to which a separate foundation must be laid.  For example, exhibits should not be grouped as "hospital records" or "photographs."

In listing witnesses or exhibits, a party may not reserve the right to supplement their list nor may a party adopt another party's list by reference.

Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, unless it is necessary to allow it to be introduced to prevent a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment.  All exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection thereto in the Pretrial Order.

15. *Pretrial Conference and Motions in Limine*

The Court will conduct a pretrial conference.  The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order and motions in limine.  When the case is set for trial, the parties will be advised of the briefing schedule for motions in limine.

The parties will be required at the pretrial conference to identify the specific witnesses they will call in their case in chief at trial.  The Court generally does not require the parties to bring with them to the pretrial conference the exhibits to which there are objections.  It is the Court's practice to consider the admissibility of exhibits at trial after the Court has context for ruling on objections to exhibits.  To the extent there is a group of exhibits or a particular issue to which they pertain

where a ruling on the group issue may impact the admissibility of exhibits, these groups and issues may be appropriate subjects for Motions in Limine.

16. *Trial*

The Court usually is in session from 9:00 a.m. until 5:00 p.m.  Although the first day of trial usually does not begin until 9:30 a.m.

Requests to charge and proposed verdict forms are required to be submitted to the Court five (5) business days before the first day of trial.  The Court has a standard charge in civil cases covering subjects such as the standard of proof, experts and witness credibility.  The Court's standard civil jury charges are found on the Court's website.  The parties do not need to submit charges on these general matters unless a party believes the charge is inadequate or inaccurate.  What the Court does require is for the parties to submit requests to charge on the specific issues in the case.  Each request, with citations of authority, shall be on a separate sheet of paper and numbered.  The Court is familiar with and has confidence in the Eleventh Circuit Pattern Jury Charges, and the parties should propose the pattern charges unless the pattern instruction is inaccurate or incomplete.  On questions of Georgia law, the Court encourages the parties to refer to the Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia.  Charges for which there is not a pattern charge must contain citations to the legal authorities supporting the charge requested.

The original request to charge shall be filed with the Clerk of Court, one copy shall be provided to opposing counsel and two copies shall be provided to our chambers.  The copies provided to our chambers shall include, behind each requested charge, a copy of all cited authority pertaining to the request.  Prior to submitting your charges, refer to the Court's general charges located on our website under Preparation for a Civil and/or Criminal Trial Before Judge Duffey.

Counsel appearing in non-jury trials must submit proposed findings of fact and conclusions of law at least three (3) business days before the first day of trial.  The original shall be filed with the Clerk of Court, one copy shall be delivered to opposing counsel, and one copy shall be delivered to the Court's chambers, along with a computer disk containing the proposed findings of fact and conclusions of law.

Opening statements generally are limited to fifteen (15) minutes per side. Closing arguments generally are limited to thirty (30) minutes per side. Parties requesting more time for these presentations must seek leave of Court at the pretrial conference.

When the jury is in the courtroom it is the Court's and the litigants' responsibility to use the jury's time efficiently. If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day. The Court will be available at 8:30 a.m. each day of trial to consider matters before the jury is brought to the courtroom.

17.   *Technology*

Our courtroom has various electronic equipment for use by counsel at trial. For more information about the equipment, please contact our Court's Courtroom Deputy Clerk. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cords necessary to hook up to the equipment and for knowing that the parties' equipment interfaces with the Court's technology.

18.   *Security*

A Court Order is required to bring exhibits, laptops -- virtually anything necessary for use at trial -- into the courthouse. The parties need to coordinate with our Courtroom Deputy Clerk for an Order to be issued. This should be done several days before the hearing or trial at which documents and equipment will be needed.

**SO ORDERED** this 19th day of August, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE