FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 30 2010

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEFAN GOIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) |
| CITIFINANCIAL AUTO, | ) FILE NO. 1:10-CV-2405-WSD |
| | ) |
| Defendant. | ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.  Description of Case:**

**(a)  Describe briefly the nature of this action.** Plaintiff Stefan Goia ("Plaintiff") asserts claims against Defendant CitiFinancial Auto Corporation ("Defendant" or "CitiFinancial Auto") for "discrimination, breach of contract, theft, continuous harassment for over 27 months, defamation and trespassing" in connection with an automobile loan that Plaintiff obtained on or about May 27, 2007. Plaintiff seeks alleged damages of $6 million. Defendant denies the allegations in Plaintiff's Complaint and has asserted counterclaims for breach of note/default under loan, attorney's fees and litigation expenses, alleging damages of approximately $10,248.20, which is the total unpaid principal and interest owed on the loan as of July 30, 2010, plus Defendant's

325916 v1

attorney's fees and litigation expenses actually incurred in connection with this lawsuit. Plaintiff has not filed any answer or other response to Defendant's counterclaims.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**For the Plaintiff:** On the date of May 24, 2007 we got into a Retail Installment Sale Contract with Star Suzuki Mall of Georgia where we obtained a loan to finance the purchase of a 2007 Suzuki Aerio. Under the terms of the loan we were required to insure the car thing that we did, and provided the prove of insurance to Star Suzuki Mall of Georgia. When Star Suzuki Mall of Georgia transferred the loan over to CitiFinancial Auto, they also gave them the proof of insurance ( the entire case).

A couple months later CitiFinancial Auto sent us a letter asking us to provide proof of insurance otherwise they will be forced to insure the car themselves. We provided the proof and they were quiet until January 2008. In January 2008 we received the statement with the loan amount increased, and when I asked details about they told me that they have put a insurance on the car. I told them that I have two insurances, a full coverage insurance with Nationwide and a GAP insurance thru the dealership and I will not accept a third one.

They told me that they received my insurance proof but they don't want to consider it, and when I told them that if they want the proof I can resend it to them a second time and even a hundred time, they told that they don't want me to send them one.

**For the Defendant:** On or about May 24, 2007, Plaintiff and Florica Goia entered into a Retail Installment Sale Contract with Star Suzuki Mall of Georgia, wherein Plaintiff obtained a loan in the amount of $16,158.94 (the "Loan") to finance his purchase of a 2007 Suzuki Aerio automobile (the "Vehicle"). Under the terms of the Loan, Plaintiff pledged the Vehicle as collateral for the Loan, and granted Star Suzuki Mall of Georgia and its successors and assigns a first-priority security interest in the Vehicle to secure Plaintiff's indebtedness under the Loan. Star Suzuki Mall of Georgia subsequently transferred the Loan, and all of its rights and/or interests in under the Loan, to CitiFinancial Auto. CitiFinancial Auto is the current owner and holder of the Loan.

Plaintiff was required under the terms of the Loan to obtain and provide CitiFinancial Auto with proof of physical damage insurance with respect to the Vehicle, which served as CitiFinancial Auto's collateral under the Loan. The terms of the Loan expressly authorized CitiFinancial Auto to force-place insurance on the Vehicle in the event that Plaintiff failed to obtain the required insurance, and/or failed to provide

CitiFinancial Auto with proof of insurance. In the event that CitiFinancial Auto was required to force-place insurance on the Vehicle, the terms of Plaintiff's loan documents provide that Plaintiff is responsible for paying for the premiums for such insurance, and that the premium amount will be added to the unpaid balance of Plaintiff's Loan.

Plaintiff failed and/or refused to provide CitiFinancial Auto with proof of the physical damage insurance for the Vehicle as required under the Loan, despite numerous written requests from CitiFinancial and despite the fact that Plaintiff had ample opportunities to obtain and provide proof of an insurance policy on the Vehicle. Accordingly, CitiFinancial Auto force-placed insurance on the Vehicle in or around December of 2007 with Balboa Insurance Company, and added the premium amount of $3,681.00 to the unpaid balance owed on Plaintiff's Loan as it was authorized to do by the terms of Plaintiff's loan documents. However, Plaintiff has failed and refused to pay any amounts owed for the premium paid on the force-placed insurance policy, and Plaintiff's loan is in default as a result thereof. Plaintiff has failed and refused to cure the default, and continues to refuse to pay CitiFinancial Auto the amounts owed under the Loan. As of July 30, 2010 (the date CitiFinancial Auto filed its Answer and Counterclaims in this action), Plaintiff owed principal and interest on the Loan in the amount of $10,248.20, plus additional fees and costs related to Plaintiff's continuing default.

Although it is difficult to determine what Plaintiff is alleging in his Complaint, Plaintiff purports to assert claims for "discrimination, breach of contract, theft, continuous harassment for over 27 months, defamation and trespassing." Plaintiff appears to contend that CitiFinancial Auto misapplied his car payments and charged him for amounts he contends he does not owe, specifically with respect to the premiums owed for the force-placed insurance. Plaintiff also contends that CitiFinancial Auto defamed him and/or discriminated against him in connection with the Loan and/or its collection efforts on the Loan because he does not speak English. CitiFinancial Auto asserted counterclaims against Plaintiff for breach of note/default under loan, attorney's fees and litigation expenses, wherein CitiFinancial Auto seeks to recover damages from Plaintiff in an amount no less than $10,248.20, which is the total unpaid principal and interest owed on the subject loan as of July 30, 2010, plus attorney's fees and litigation expenses actually incurred in connection with this lawsuit. Plaintiff failed to file any answer or other response to the counterclaims, thereby entitling CitiFinancial Auto to judgment by default on all of its counterclaims.

(c)     **The legal issues to be tried are as follows:**

**For the Plaintiff:**

The Defendant also sustain that there are no proves to the claims, even thought the issues are as follow :

1. They discriminated me (one example is their refusal to continue to consider my proof of insurance, which they considered for about seven months)

2. Did not respected the terms of the contract with Star Suzuki, increasing unjustified the payment.

3. They robbed me applying to the principal very small amount as opposed with the ones stated in the contract.

4. They harassed me calling me over two years period reaching even 7 phone calls a day, even after they were told to stop making any phone calls.

5. They defamed us sending false information to the credit bureaus and in the most recent case bringing a false lawsuit against us.

6. Everything they did was done in bad faith over the last two years refusing any proposal to solve the case in order to move on.

**For the Defendant:**

1. Whether Plaintiff's Complaint fails to state a claim against CitiFinancial Auto upon which relief can be granted;

2. Whether CitiFinancial Auto has breached any duties or obligations allegedly owed to Plaintiff at any time, in connection with the Loan or otherwise;

3. Whether CitiFinancial Auto improperly or unlawfully "discriminated" against Plaintiff at any time or in any way;

4. Whether CitiFinancial Auto published any false or defamatory statements about Plaintiff at any time;

5. Whether Plaintiff has sustained any actual damages as a result of the alleged "defamation" by CitiFinancial Auto;

6. Whether CitiFinancial Auto has "stolen" and/or improperly exercised ownership over any funds, monies or other property belonging to Plaintiff at any time;

7. Whether CitiFinancial Auto has wrongfully or improperly interfered with Plaintiff's use and/or enjoyment of his property at any time;

8. Whether CitiFinancial Auto has acted in bad faith or been stubbornly litigious with respect to Plaintiff and/or the Loan at any time;

9. Whether CitiFinancial Auto has made any misrepresentations or omissions of fact to Plaintiff at any time, in connection with the Loan or otherwise;

10. Whether Plaintiff has reasonably or justifiably relied to his detriment upon any alleged misrepresentations by CitiFinancial Auto at any time, in connection with the Loan or otherwise;

11. Whether Plaintiff is entitled to recover any actual or punitive damages from CitiFinancial Auto in this action;

12. Whether CitiFinancial Auto was entitled to force-place insurance on the Vehicle when Plaintiff failed to provide proof of insurance to CitiFinancial Auto;

13. Whether CitiFinancial Auto is entitled to judgment against Plaintiff for Plaintiff's default under the Loan;

14. Whether CitiFinancial Auto is entitled to judgment by default against Plaintiff on all of its counterclaims in this action; and

15. Any legal issues raised by Plaintiff.

**(d)   The cases listed below (include both style and action number) are:**

(1)   **Pending Related Cases:**  <u>Star Suzuki Mall of Georgia v. Florica Goia, et al.</u>, Case No. 10-C-05554-S2, State Court of Gwinnett County, Georgia (replevin action brought with respect to the Vehicle).

(2)   **Previously Adjudicated Related Cases:** <u>N/A</u>.

**2.**   This case is complex because it possesses one (1) or more of the features listed below (please check): <u>This case is not complex.</u>

    _____  (1)   Unusually large number of parties
    _____  (2)   Unusually large number of claims or defenses
    _____  (3)   Factual issues are exceptionally complex
    _____  (4)   Greater than normal volume of evidence
    _____  (5)   Extended discovery period is needed
    _____  (6)   Problems locating or preserving evidence
    _____  (7)   Pending parallel investigations or action by government
    _____  (8)   Multiple use of experts
    _____  (9)   Need for discovery outside United States boundaries
    _____  (10)  Existence of highly technical issues and proof

3.  **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:** <u>Stefan Goia</u> currently self represented . **2455 Danver Lane, Buford GA 30519 ; Phone 770-614-0055 Fax: 678-889-8045**

**Defendant:** <u>John O'Shea Sullivan, Esq., Burr & Forman LLP, 171 Seventeenth Street, N.W., Suite 1100, Atlanta, Georgia 30363, Telephone: (404) 815-3000; Facsimile: (404) 817-3244.</u>

4.  **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____Yes          __X__No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.  **Parties to This Action:**

    (a) The following persons are necessary parties who have not been joined:

**For the Plaintiff:** Florica Goia will add herself or be added as an additional defendant in this case.

**For the Defendant:** Florica Goia is a co-obligor on the Loan at issue in this case and should be added as an additional defendant in counterclaim.

    (b) The following persons are improperly joined as parties:

**For the Plaintiff:** None know at this time.

**For the Defendant:** None known at this time.

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**For the Plaintiff:** My complaint regards the CitiFinancial Auto Corporation (CitiFinancial Auto)

**For the Defendant:** Defendant CitiFinancial Auto Corporation is incorrectly identified in Plaintiff's Complaint as "CitiFinancial Auto."

(d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:

**For the Plaintiff:** Co-borrower will be added in this lawsuit.

**For the Defendant:** CitiFinancial Auto anticipates that Plaintiff's co-borrower Florica Goia will be added to the counterclaim as an additional defendant in counterclaim.

(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.   Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8.   Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**For the Plaintiff: Stefan Goia does not object serving Initial Disclosures**

**For the Defendant:** CitiFinancial Auto does not object to serving Initial Disclosures.

## 9.   Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**For the Plaintiff: not requesting a scheduling conference at this time**

**For the Defendant:** CitiFinancial Auto does not request a scheduling conference at this time.

## 10. Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**For the Plaintiff:** Stefan Goia will conduct the discovery with respect to CitiFinancial Auto counterclaims, providing all the proves they may think necessary.

**For the Defendant:** CitiFinancial Auto shall conduct discovery with respect to the allegations in Plaintiff's Complaint and Plaintiff's alleged damages, if any. CitiFinancial Auto submits that discovery will not be necessary with respect to its counterclaims because Plaintiff is in default and CitiFinancial Auto is thereby entitled to default judgment on all of its counterclaims.

## 11. Discovery Limitation:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**For the Plaintiff:** None known at this time.

**For the Defendant:** None known at this time.

## 12. Other Orders:

What other orders to the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**For the Plaintiff:** None known at this time.

**For the Defendant:** None known at this time.

## 13. Settlement Potential:

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 30, 2010, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): <u>Stefan Goia (pro se)</u>

    Other participants: <u>Daniel Goia</u>

For defendant: Lead counsel (signature):<u>John O'Shea Sullivan, Esq.</u>

    Other participants: <u>Ashby L. Kent, Esq.</u>

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (____)   A possibility of settlement before discovery.
    (____)   A possibility of settlement after discovery.
    (____)   A possibility of settlement, but a conference with the judge is needed.
    (__X__)  No possibility of settlement.

(c)   Counsel (_____) do or (__X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20___.

(d) The following specific problems have created a hindrance to settlement of this case.

**For the Plaintiff:** Their proposal to settle the case it is inadmissible now after more than two years and a half time in which they acted in bad faith, discriminating, harassing and defaming and refusing the my demand to solve the case in the way they may look for now.

**For the Defendant:** Defendant has offered to settle the case, but Plaintiff has countered with multi-million dollar demands that Defendant finds to be unrealistic and unreasonable.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, of 20___.

(b) The parties (<u>X</u>) do not consent to having this case tried before a magistrate judge of this court.

Stefan Goia  
Counsel for Plaintiff

s/John O'Shea Sullivan  
Counsel for Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE