[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12639
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-02405-WSD


STEFAN GOIA,

Plaintiff-Counter Defendant-Appellant,

versus

CITIFINANCIAL AUTO,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 3, 2012)

Before HULL, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Stefan Goia, proceeding *pro se*, appeals the district court's judgment in

favor of CitiFinancial Auto Corporation ("CitiFinancial") on his federal civil

rights claim, 42 U.S.C. § 1983, Fair Debt Collection Practices Act ("FDCPA")

claim, 15 U.S.C. § 1692 *et seq*., and state law claims.  For the reasons set forth

below, we affirm the district court's judgment in favor of CitiFinancial.

I.

CitiFinancial removed from state court to the district court Goia's action

that arose in connection with his 2007 purchase of a Suzuki Aerio vehicle ("the

vehicle") from a Georgia dealership.  In Goia's complaint, he alleged that he had

signed a four-year Retail Installment Sale Contract ("the finance contract" or "the

contract") with the dealership to finance the cost of the vehicle.  The dealership

later transferred the finance contract to CitiFinancial.  Upon assignment,

CitiFinancial placed insurance on the vehicle in order to insure its interest in the

vehicle and billed the cost of the insurance premiums to Goia.  Goia, however,

refused to pay the cost of the insurance that CitiFinancial obtained, as he believed

that he was not liable for the cost under the terms of the finance contract.  After

not receiving payment of the billed insurance costs, CitiFinancial determined that

Goia was in default and attempted to collect the cost of the insurance.  Goia's

complaint raised claims for breach of contract, harassment, discrimination, theft,

defamation, and trespassing.  CitiFinancial counterclaimed that Goia had breached

the finance contract because he had failed to pay the amount owed on the vehicle

2

under the terms of the contract.

The finance contract provided that the creditor/seller of the vehicle was the Georgia dealership.  The contract further stated that the creditor/seller was referred to as "we" or "us" in the contract.  At the bottom of the contract, below Goia's signature, was the statement that the seller assigned its interest in the contract to CitiFinancial, the assignee.  The contract provided that Goia gave "us" a security interest in the vehicle.  The contract further stated the following: "[y]ou agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract.  The insurance must cover our interest in the vehicle.  If you do not have this insurance, we may, if we choose, buy physical damage insurance."  The creditor/seller would inform Goia of the type of insurance and charge he must pay, which would be the premium of the insurance and a finance charge at the highest rate the law permitted.

CitiFinancial filed a motion for summary judgment, arguing that Goia's claims were not actionable under Georgia law and Goia had failed to prove his claims.  Goia also filed a motion for summary judgment as to his claims, arguing that CitiFinancial breached the contract by billing him for its insurance on the vehicle where he already had proper insurance.  As to his discrimination claim, CitiFinancial would not explain why it would not recognize his proof of insurance,

which, according to Goia, constituted discrimination.  As to his theft claim, he asserted that CitiFinancial failed to apply the payments that Goia sent it towards the amount due under the contract.  Goia asserted that CitiFinancial harassed him and his family by making telephone calls to collect payment for the costs of an insurance policy that CitiFinancial had illegally placed on the vehicle. CitiFinancial defamed him by informing credit bureaus that he was delinquent and by informing his wife's workplace, his friends, and his relatives that he would lose the vehicle if he did not pay the cost of CitiFinancial's insurance on the vehicle. Finally, CitiFinancial had attempted to take his vehicle from his property without justification, which constituted trespassing.

In his affidavit, he attested that CitiFinancial falsely told credit reporting agencies that he was delinquent.  Further, CitiFinancial made telephone calls to other third parties without justification.  As to his trespassing claim, he attested that CitiFinancial had sent a tow truck to his property without a repossession order or other justification, as well as charged him four times for a repossession fee.  As to his discrimination claim, he attested that CitiFinancial informed him that it did not recognize his insurance, but did not explain why it did not accept his insurance.

In his deposition, he testified that he was born in Romania in 1932.  He also

4

testified that CitiFinancial representatives had visited his home several times, and the representatives would ring the doorbell of his home in a "civilized manner" and inform Goia to contact CitiFinancial.  These representatives did not state anything further.  Goia's only complaint was with respect to the tow driver who had a "different manner," but he did not explain the driver's actions further.  As to his defamation claim, Goia testified that CitiFinancial had contacted one of Goia's family members and his wife's workplace, but Goia did not remember what CitiFinancial told the third parties, only that it was about Goia's account.

In the district court's summary judgment order, it liberally construed Goia's discrimination claim as arising under 42 U.S.C. § 1983 based on his national origin and accent.   It found that, CitiFinancial was not a state actor, and thus, his claim was without merit.  The court found that his state law defamation claim was preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). As to Goia's claims for trespassing, harassment, and theft based on Georgia criminal statutes, the court found that those statutes did not provide a civil cause of action.  As to Goia's civil trespass claim, Goia had not identified any evidence that showed that there was an unlawful interference with Goia's right to enjoy his property.  The district court construed Goia's allegations of harassment as arising under the FDCPA.  However, the FDCPA only applied to debt collectors, which

5

CitiFinancial was not.  The court determined that there were disputed factual

issues regarding the contract claim.  Thus, the court granted summary judgment in

favor of CitiFinancial as to all of the claims in Goia's complaint, except as to the

contract claim.

At the pretrial conference, almost three months after the court had scheduled

the case for a bench trial, Goia informed the court that he would present his

contract claim to a jury.  The court indicated that there was no request for a jury in

the instant case.  Goia responded that he had requested a jury in state court, before

his case was removed, but that he did not have a copy of the document now.  The

court stated that, if Goia had wanted a jury trial, he had to request a jury trial in

federal court, which he had never done.  Thus, the court would be the trier of fact

at trial.

Goia made oral and written motions to recuse the district court judge

because, according to Goia, he was biased and prejudiced.  In support, Goia filed

an affidavit in which he reiterated the arguments in his motion for summary

judgment.  Because Goia had not offered any evidence concerning bias or

impartiality that would make fair judgment impossible, the standard for recusal

under 28 U.S.C. § 455, the court denied Goia's motion.

At the bench trial, Renee Woods, the Vice President of Operations for

6

CitiFinancial, testified that CitiFinancial was the lender that actually provided the financing for the vehicle. Goia was informed at the dealership that CitiFinancial would be the lender of the vehicle loan and also received a welcome letter in June 2007 informing him that CitiFinancial was the lender. CitiFinancial also sent Goia billing invoices that informed Goia that he must maintain insurance on his vehicle and name CitiFinancial as the loss payee. CitiFinancial also sent Goia letters that indicated his insurance had expired and that requested proof of insurance, but received no response. Thus, CitiFinancial placed insurance on the vehicle to protect its interest in the vehicle and billed Goia for the cost of the premium. Goia later sent CitiFinancial a policy from Nationwide that indicated that he had procured insurance on his vehicle for a six-month period in 2008, but CitiFinancial determined that Goia was not in compliance with the contract because CitiFinancial was not listed as the loss payee on the policy. Because Goia did not pay the cost of CitiFinancial's insurance on the vehicle, Goia became delinquent.

Following the bench trial, the court determined that CitiFinancial was the assignee of the contract, as demonstrated by its conduct in loaning the funds to Goia and servicing the loan, and thus, CitiFinancial was authorized to enforce the terms of the contract. In this case, the contract required Goia to obtain insurance

that was sufficient to cover CitiFinancial's interest in the vehicle.  By failing to list CitiFinancial as the loss payee on Goia's insurance policy with Nationwide, Goia breached the contract.  When Goia breached the contract, CitiFinancial was entitled to purchase the insurance policy on the vehicle and charge that cost to Goia.  Goia's failure to make his monthly payments as required under the contract constituted a default, and thus, Goia was liable for the total amount due, as well as interest since Goia's initial breach.  Thus, judgement was entered in favor of CitiFinancial as to Goia's breach-of-contract claim, and judgment was entered in favor of CitiFinancial against Goia as to CitiFinancial's breach-of-contract counterclaim.

## II.

On appeal, Goia argues that the state acted jointly with Citigroup, of which CitiFinancial is a subsidiary, as the federal government owns stock in the company.  Goia claims that his theft claim is meritorious as CitiFinancial took from him more than was allowed under the contract.  Goia contends that he was harassed with respect to CitiFinancial's debt practices and that the court should not have granted summary judgment to CitiFinancial on the basis that it was collecting its own debts because it was, in fact, stealing.  Goia contends that he proved all four elements of his defamation claim.  He also proved his trespassing

claim because CitiFinancial's visits were not polite or appropriate, and he did not

consent to the visits.[1]

We review the district court's grant of summary judgment *de novo*, viewing

all evidence and drawing all reasonable factual inferences in favor of the

nonmoving party.  *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010).

Summary judgment is appropriate where there is no genuine issue of material fact

and the movant is entitled to judgment as a matter of law.  *Id.*  We may affirm the

district court's judgment on any ground that finds support in the record.  *Lucas v.

W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).  *Pro se* pleadings are

held to a less stringent standard than pleadings drafted by attorneys and should be

liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

*Discrimination Claim*

In order to prevail in a civil rights action under § 1983, a plaintiff must

show that an  act or omission deprived him of a federal constitutional right, and

that the act or omission was by a person acting under color of state law.  *Harvey v.

Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).   Section 1983 does not provide a

---

[1]  Goia also challenges several of the district court's statements concerning the contract claim in its order denying his motion to reconsider its summary judgment order.  However, the district court denied summary judgment as to the contract claim and held a bench trial as to the claim.  The district court did not in any way base its bench-trial ruling on the contract claim on its statements in its order denying his motion to reconsider.  Thus, we do not address any alleged inconsistency or falsity concerning these statements.

cause of action against federal officers for violating a party's federal constitutional rights. *See* 42 U.S.C. § 1983. Rather, such a cause of action arises under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). However, the Supreme Court has declined to expand *Bivens* to encompass a suit against private corporations acting under color of federal law. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71, 74, 122 S.Ct. 515, 521, 523, 151 L.Ed.2d 456 (2001).

Goia's claim that CitiFinancial's parent company, CitiGroup, received funding from the federal government does not show that CitiFinancial was acting under color of state law. Thus, Goia has not shown state action under § 1983.[2]

*Trespass and Theft Claims*

Under Georgia law, every citizen has the right of enjoyment of private property, and every act of another which unlawfully interferes with such

---

[2] Goia argues that the district court misconstrued his complaint as alleging a claim under 42 U.S.C. § 1983 because he alleged that CitiFinancial had committed discrimination. To the extent Goia intended to raise a claim under 42 U.S.C. § 1981 or § 1982, Goia failed to submit any evidence that showed CitiFinancial discriminated against him based on his minority status. *See Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000) (providing that, for a successful claim under § 1981, a plaintiff must show that the defendant intentionally discriminated against him with regard to minority status in making a contract); *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1543 (11th Cir. 1994) (providing that, for a successful claim under § 1982 claim, a plaintiff must show that he was deprived of his property interest because of intentional racial discrimination). Thus, the district court's decision to not construe his claims under § 1981 or § 1982 did not result in error.

enjoyment is an actionable tort.  O.C.G.A. § 51-9-1.  A trespasser is one who

knowingly and without authority enters upon the land of another after receiving

prior notice that entry is forbidden.  *Pope v. Pulte Home Corp.*, 539 S.E.2d 842,

843-44 (Ga. Ct. App. 2000).  For a plaintiff to raise a claim for trespass under

§ 51-9-1, they must show that the trespasser refused to leave the house or realty

after being asked to leave or that they interfered with the plaintiff's possessory

interest in the realty.  *See Udoinyion v. Re/Max of Atlanta*, 657 S.E.2d 644, 648

(Ga. Ct. App. 2008).

The Georgia criminal statutes for trespassing and theft do not expressly

provide for a civil remedy, and thus, a civil remedy cannot arise from a violation

of these statutes.  *See* O.C.G.A. §§ 16-7-21 (criminal trespass), 16-8-2 (theft by

taking), 16-8-3 (theft by deception); *Anthony v. Am. Gen. Fin. Servs., Inc.*, 697

S.E.2d 166, 171-72 (Ga. 2010) (providing that, where there is nothing in the

provisions of the criminal statute creating a private cause of action in favor of the

victim purportedly harmed by the violation of the penal statute, there is no private

civil cause of action arising from the criminal statute).

With respect to Goia's civil trespass claim, the sole evidence in the record at

the time the district court granted summary judgment was that CitiFinancial sent a

tow truck onto his property without justification or a repossession order and that

11

CitiFinancial representatives rang Goia's doorbell in a "civilized manner" and requested him to contact CitiFinancial.  This evidence does not give rise to a claim of trespass under Georgia law, as there is no evidence that CitiFinancial's representatives did not leave when requested to do so, or that Goia ever even asked them to leave.  *See Udoinyion*, 657 S.E.2d at 648.  Further, he did not show that CitiFinancial interfered with his right to possession under Georgia law.  *Id.*  Although the district court did not address whether there was a civil cause of action for Goia's claims of theft arising under tort law, this was not error.  Goia's theft claim was a re-casting of his breach-of-contract claim, as he had contended that CitiFinancial billed him for insurance that it had no right to obtain under the contract.  Thus, because Goia's "theft" claim was encompassed by his breach-of-contract claim, it was unnecessary to address whether Goia had a cause of action under tort law. O.C.G.A. § 51-1-1 (providing that  a tort is the unlawful violation of a private legal duty other than a mere breach of contract, express or implied); *see Byrd v. United Servs. Auto. Ass'n*, 729 S.E.2d 522, 525-26 (Ga. Ct. App. 2012) (providing that one who takes property under a fair or honest claim of right does not commit larceny or theft).

*Defamation Claim*

To make out a *prima facie* case of defamation, a plaintiff must show the

following: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement regardless of any showing of special harm. *Mathis v. Cannon*, 573 S.E.2d 376, 380 (Ga. 2002).

Goia's defamation claim was based on two separate allegations: (1) CitiFinancial made defamatory statements to Goia's friends, family, and wife's workplace, and (2) CitiFinancial falsely reported to credit reporting agencies that Goia was delinquent on his account. As to Goia's first allegation, he never presented any supporting evidence at the summary judgment stage of what statements CitiFinancial actually made to Goia's friends, family, and wife's workplace, but rather only testified that the telephone calls were made without justification. Without any evidence as to what statements CitiFinancial made, it cannot be determined whether the statements were false, and thus, Goia had failed to set forth a *prima facie* case of defamation. With respect to his second allegation concerning CitiFinancial's reports of delinquency to credit agencies, the district court did not actually decide whether Goia had presented evidence proving a *prima facie* case of defamation under Georgia law. Rather, the court determined that the FCRA preempted Goia's claim on this basis. Goia does not address the

13

court's determination that his claim was preempted by FCRA.  Thus, this issue is

abandoned, and we do not address it.  *See Timson v. Sampson*, 518 F.3d 870, 874

(11th Cir. 2008) (providing that issues that a *pro se* appellant failed to raise in his

brief were abandoned).  Accordingly, because Goia does not challenge the basis

on which the district court granted summary judgment, we affirm the court's

ruling in favor of CitiFinancial as to his defamation claim.

*Harassment Claim*

In 1977, Congress enacted the FDCPA in order to eliminate abusive debt

collection practices by debt collectors.  *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833,

836 (11th Cir. 2010).  The FDCPA prohibits a "debt collector" from engaging in

any conduct which results in harassment, oppression, or abuse.  15 U.S.C.

§ 1692d.  The FDCPA also places various limits on debt collectors'

communications with others in connection with the collection of any debt,

including that they shall not communicate with the consumer after 9:00 pm or at

the consumer's place of work, and they shall not communicate with third parties

without the prior consent of the consumer.  15 U.S.C. § 1692c(a), (b).  However,

these provisions of the FDCPA only apply to debt collectors, and thus, in order to

state a plausible FDCPA claim, a plaintiff must allege that the defendant is a "debt

collector."  *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211,

14

1216 (11th Cir. 2012) (providing that a plaintiff must allege that the defendant is a debt collector to state a claim under 15 U.S.C. § 1692e). A party qualifies as a debt collector where it operates a business that has the principal purpose of collecting debts or regularly attempts to collect debts that are owed to another. 15 U.S.C. § 1692a(6).

The district court construed Goia's claims of harassment as arising under the FDCPA. As the district court correctly determined, CitiFinancial did not qualify as a debt collector under the FDCPA, such that Goia could bring a claim for harassment under the FDCPA's provisions, because CitiFinancial was engaged in the collection of its own debts, as opposed to the debts of another. *See Reese*, 678 F.3d at 1216. Goia, however, does not challenge the court's construction of his claim as arising under the FDCPA, nor does he challenge the finding that CitiFinancial was not a debt collector. Instead, he only contends that CitiFinancial was not collecting its debts because it was stealing, which is irrelevant to the court's disposition of his claim. Further, Georgia's criminal harassment statute does not provide for a private remedy. *See* O.C.G.A. § 16-11-39.1 (harassing phone calls); *Anthony*, 697 S.E.2d at 171-72. Accordingly, the district court properly granted summary judgment in favor of CitiFinancial as to this claim.

III.

With respect to the district court's pretrial rulings, Goia argues that the district court abused its discretion in denying his motion for recusal. He also asserts that he requested a jury trial in state court.

*Recusal Motion*

A district court's refusal to recuse is reviewed for an abuse of discretion. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Under 28 U.S.C. § 144, where a party to a proceeding in the district court files an affidavit that the judge before whom the matter is pending has a personal bias or prejudice in favor of any adverse party, a judge shall proceed no further with respect to the proceeding. *Id.* To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists. *Id.* Under 28 U.S.C. § 455, a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party. *Id.* For a judge to recuse himself under § 455, there must be grounds that would lead an objective, fully informed lay observer to entertain significant doubt about the judge's impartiality. *Id.*

Goia has not shown that a recusal was warranted under either § 144 or § 455. Goia did not testify as to any grounds in his affidavit attached to his recusal motion that would convince a reasonable person that the district court

16

judge was actually personally biased, as all of his allegations of bias pertained to

the court's legal rulings.  Further, the record provides no grounds that would lead

a fully informed lay observer to entertain any significant doubt about the judge's

impartiality.  Thus, the district court did not abuse its discretion in denying Goia's

motion.

*Jury Trial Request*

Interpreting the Federal Rules of Civil Procedure is a question of law

subject to *de novo* review.  *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995).

The right to a civil jury is not absolute and, thus, may be waived if the request for

a jury was untimely.  *Id.*  Federal law governs the right to a jury trial in federal

courts with respect to diversity actions.  *Columbus Mills, Inc. v. Freeland*, 918

F.2d 1575, 1577 (11th Cir. 1990).  Under the Federal Rules of Civil Procedure, a

party who, before removal, expressly demanded a jury trial in accordance with

state law need not renew the demand after removal.  Fed.R.Civ.P. 81(c)(3)(A).

After removal, a party who is entitled to a jury trial under Fed.R.Civ.P. 38 must be

given a jury trial where he serves a demand within 14 days after he was served

with a notice of removal filed by another party.  Fed.R.Civ.P. 81(c)(3)(B).

Goia asserts that he requested a jury trial in state court.  However, he did not

present any evidence in the district court to support this assertion, and no record of

a request for a jury trial was filed with the district court.  Goia did not raise any additional grounds for why he was entitled to a jury trial in the district court and does not raise any additional grounds on appeal.  As this was the only basis for his request for a jury trial, the district court did not err in denying his request, in the absence of evidence showing that he had, in fact, made such a request.

IV.

Goia contends that Renee Woods gave the following false testimony at trial: (1) CitiFinancial was the owner and lienholder of the vehicle; (2) Goia had failed to provide proof of insurance to CitiFinancial; (3) Goia's insurance policy on the vehicle had expired; and (4) the insurance did not cover the value of the vehicle. Goia argues that the district court relied on these false statements in reaching its judgment in favor of CitiFinancial.  Goia further argues that CitiFinancial defrauded the district court by using the repossession order that CitiFinancial had obtained in state court to support its case.

Following a bench trial, we review the district court's conclusions of law *de novo* and its factual findings for clear error.  *Crystal Entm't & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1319 (11th Cir. 2011).  Under the clear error standard, we may reverse a district court's factual finding only if, after viewing all the evidence, we have a definite and firm conviction that a mistake has been committed.  *Id.* at

18

1319-20.  The credibility of a witness is in the province of the factfinder, and thus,
we will not ordinarily review the factfinder's determination of credibility.  *Id.* at
1320.

Under Georgia law, a contract is an agreement between two parties for the
doing of a specified thing.  *See Budget Rent-a-Car of Atlanta, Inc. v. Webb*, 469
S.E.2d 712, 713 (Ga. Ct. App. 1996).  A party can recover for a breach of contract
where there has been a breach and there are damages.  *Id.*

Where an assignor has assigned a contract to an assignee, the assignee can
enforce the contract in the event of a breach of the terms of the contract.  *See
Mooneyham v. Provident Auto Leasing Co.*, 655 S.E.2d 640, 641-42 (Ga. Ct. App.
2007) (providing that the assignee was the real party in interest to bring an action
to recover damages under the contract where (1) the contract provided that the
assignor intended to assign the contract to the assignee, and (2) after the
assignment, the assignee serviced and administered the loan).  An assignment is
the assignor's transfer of its right to performance under a contract to the assignee,
such that the assignee acquires a right to performance under the contract.  *See
Bank of Cave Spring v. Gold Kist, Inc.*, 327 S.E.2d 800, 802 (Ga. Ct. App. 1985).
Rights and duties under a contract are generally freely assignable.  *See Corbin v.
Regions Bank*, 574 S.E.2d 616, 619 (Ga. Ct. App. 2002) (providing that, upon

assignment, assignee had right to payments from debtor).  Assignments, however, are not valid where they would materially increase the burden or risk imposed on the obligor by contract.  *CGU Life Ins. Co. v. Singer Asset Fin. Co., LLC*, 553 S.E.2d 8, 13 (Ga. Ct. App. 2001).  Georgia courts have indicated that an assignment of contract rights can be inferred from the totality of the circumstances and need not be reduced to writing.  *See Forest Commodity Corp. v. Lone Star Indus., Inc.*, 564 S.E.2d 755, 758 (Ga. Ct. App. 2002).  Further, notice of the assignment does not have to be in writing before becoming effective.  *See Mooneyham*, 655 S.E.2d at 642.

Goia appears to be arguing that, based on the plain language of the contract, he did not have to protect  CitiFinancial's interest in the vehicle because it never became the vehicle's lienholder.  Goia does not challenge the fact that the contract was assigned.  Under Georgia law, when Star Suzuki assigned its right under the contract to CitiFinancial, CitiFinancial acquired a right to Goia's performance under the contract, as well as a security interest in the vehicle.  *See Bank of Cave Spring*, 327 S.E.2d at 802.  Thus, following the assignment, CitiFinancial had a security interest in the vehicle, such that it was a lienholder, contrary to Goia's assertion on appeal.

Next, Goia asserts that CitiFinancial should not have placed insurance on

20

the vehicle because he had provided CitiFinancial with proof of insurance, his insurance never expired, and he had insured the full value of the vehicle. However, the district court's basis for finding that Goia breached the contract was only based on Goia's failure to ensure that CitiFinancial's interest was protected under the contract and was not based on Goia failing to provide proof of insurance, his insurance expiring, or him not having the full value of the vehicle insured. Thus, to the extent Woods did testify that (1) Goia had failed to provide proof of insurance to CitiFinancial in various instances, (2) believed, in 2007, that Goia's insurance had expired, or (3) somehow indicated that Goia did not have the full value of the vehicle insured, this was not the basis of the court's ruling on the contract claim, and no error occurred in this respect. Goia asserts that the district court erred in basing its determination, that he had breached the contract, on the repossession order that CitiFinancial had obtained in state court, because the order was later dismissed. The district court did not rely on this order as having any legal value with respect to the breach-of-contract claim, and thus, did not err in this respect.

For the foregoing reasons, we affirm the district court's judgment in favor of CitiFinancial on Goia's § 1983 civil rights claim, FDCPA harassment claim, and state law claims.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 03, 2012

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 12-12639-BB
Case Style: Stefan Goia v. Citifinancial Auto
District Court Docket No: 1:10-cv-02405-WSD

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs